# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JIMMY DALE ASHER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 09-CV-066-JHP-TLW |
| ) | |
| MARVIN VAUGHN, Warden, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action, filed by *pro se* Petitioner, Jimmy Dale Asher. Before the Court is Petitioner's petition for writ of habeas corpus (Dkt. # 1). Respondent filed a response (Dkt. # 7) to the petition, and provided copies of state court records (Dkt. ## 7, 8, 9) for the Court's use in evaluating Petitioner's claims. Petitioner did not file a reply. For the reasons discussed below, the Court finds the petition for writ of habeas corpus shall be denied.

### *BACKGROUND*

On April 5, 2006, in response to information from a confidential informant, officers from the Delaware County "Drug Task Force" went to Petitioner's real property to ask some questions. The property contained two residences, a trailer, a large recreational vehicle or "bus," and a free-standing commercial freezer serving as a shed. Upon detecting a unique odor emanating from the freezer, the officers secured the property and obtained search warrants. A subsequent search revealed that the bus and the freezer contained methamphetamine, and materials used in the process of manufacturing methamphetamine.

Following additional investigation, Petitioner was arrested and charged with manufacture of a controlled dangerous substance in Delaware County District Court, Case No. CF-2006-114. He

was tried by a jury and found guilty. Petitioner testified in his own defense at trial. On December 7, 2006, Petitioner was sentenced to twenty-five (25) years imprisonment, and a fine of fifty thousand ($50,000) dollars. At trial, Petitioner was represented by attorney Terry Allen.

Petitioner appealed his conviction to the Oklahoma Court of Criminal Appeals (OCCA). Represented by attorney David Anderson, he raised one (1) proposition of error:

> Proposition I: The trial court erred by disallowing two defense witnesses and by denying defense requests for a continuance.

See Dkt. # 7, Ex. 1. In an unpublished summary opinion, filed February 25, 2008, in Case No. F-2007-6 (Dkt. # 7, Ex. 3), the OCCA rejected Petitioner's sole claim for relief and affirmed the Judgment and Sentence of the trial court. Petitioner filed neither a petition for writ of certiorari at the Supreme Court of the United States nor an application for post-conviction relief in the state district court.

Petitioner filed the instant habeas corpus petition on February 11, 2009, identifying the same ground of error as the proposition raised on direct appeal:

> Ground One: The trial court erred by disallowing two defense witnesses and by denying defense requests for a continuance.

See Dkt. # 1. Respondent filed a response (Dkt. # 7) to the petition asserting that Petitioner's claim is not cognizable in this proceeding because it is grounded on state law issues. Alternatively, Respondent argues that the OCCA's denial of relief on this ground was not an unreasonable application of federal law, and that Petitioner is not entitled to relief under 28 U.S.C. § 2254(d).

## ANALYSIS

**A.     Exhaustion**

Before addressing the claim raised in the petition, the Court must determine whether Petitioner meets the exhaustion requirement of 28 U.S.C. § 2254(b) and (c) See Rose v. Lundy, 455 U.S. 509, 510 (1982). The Court finds that Petitioner has fairly presented his habeas claim to the OCCA. Therefore, the exhaustion requirement is satisfied in this case.

The Court also finds that Petitioner is not entitled to an evidentiary hearing. See Williams v. Taylor, 529 U.S. 420 (2000).

**B.     Adjudication of claim by the OCCA**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing

evidence." 28 U.S.C. § 2254(e)(1). In this case, Petitioner's ground for relief was adjudicated on the merits in Petitioner's direct appeal proceedings.

In his sole claim for relief, Petitioner asserts that his rights to due process and fundamental fairness were violated by the trial court's denial of Petitioner's request to call Chris Daily and Bill Darp as witnesses to testify at his trial. In rejecting Petitioner's direct appeal challenge to the trial court's ruling, the OCCA relied on Oklahoma statutes and Oklahoma case law, finding as follows:

> In his sole proposition of error, Appellant claims his rights were violated by the trial court's refusal to allow two defense witnesses to testify during jury trial. Oklahoma law requires that all issues relating to discovery be completed at least ten (10) days prior to trial. 22 O.S. Supp. 2002 § 2002(D). Accordingly, if a party fails to comply with the rule, the trial court has discretion to provide certain remedies, including "prohibit the party from introducing evidence not disclosed". Powell v. State, 2000 OK CR,¶52, 995 P.2d 510, 525.
>
> The trial court's decision to impose sanctions is reviewed under the abuse of discretion standard. Miller v. State, 1998 OK CR 59, ¶ 43, 977 P.2d 1099, 1109. Preclusion of testimony is appropriate in certain circumstances including, "when the discovery violations are flagrant, such as being designed to conceal a plan to present fabricated testimony or being willful and motivated by a desire to obtain a tactical advantage." Short v. State, 1999 OK CR 15, ¶ 20, 980 P.2d 1081. Appellant had knowledge of the testimony these witnesses would have presented and failed to communicate that to defense counsel. Appellant's actions in this case were willful and blatant and no abuse of discretion occurred. This proposition is denied.

See Dkt. # 7, Ex. 3 (footnote omitted).

In conducting habeas review, "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). "[F]ederal habeas corpus relief does not lie for errors of state law." Id. at 67; see also Hooks v. Workman, 606 F.3d 715, 748 (10th Cir. 2010). This Court must defer to state courts on the interpretation of state law. Burleson v. Saffle, 278 F.3d 1136, 1144 (10th Cir. 2002). To establish a due process violation, a petitioner must show his trial was fundamentally unfair. United

4

States v. Valenzuela-Bernal, 458 U.S. 858, 872 (1982) (citing Lisenba v. California, 314 U.S. 219, 236 (1941)). Inquiry into fundamental unfairness requires examination of the entire proceeding, including the strength of the evidence. Harris v. Poppell, 411 F.3d 1189, 1197 (10th Cir. 2005); Le v. Mullin, 311 F.3d 1002, 1013 (10th Cir. 2002). A petitioner's right to a fair trial, as well as his Fourteenth Amendment right to due process, includes the right to present witnesses in his own defense. Richmond v. Embry, 122 F.3d 866, 871 (10th Cir. 1997) (citing Washington v. Texas, 388 U.S. 14, 18-19 (1967)). However, "[i]n presenting such testimony, the defendant must comply with established rules of evidence and procedure as required by the state 'to assure both fairness and reliability in the ascertainment of guilt and innocence.'" Id. at 871-72 (quoting Chambers v. Mississippi, 410 U.S. 284, 302 (1973)). The materiality of the excluded testimony determines whether Petitioner has been deprived of a fundamentally fair trial. Maes v. Thomas, 46 F. 3d 979, 987 (10th Cir. 1995). "Evidence is material if its suppression might have affected the trial's outcome." Young v. Workman, 383 F.3d 1233, 1238 (10th Cir. 2004) (citing Valenzuela-Bernal, 458 U.S. at 868)).

In this case, the record reflects that before the start of trial, the trial judge held a hearing in chambers to consider and resolve issues raised by the defense. The transcript from that hearing reflects the following exchange:

DEFENSE COUNSEL: Your Honor, my client arrived today with two people he wishes to testify that were unfortunately not known at the time I submitted my witness and exhibit list. One gentleman's name is Chris Daily and the other one Bill Darp, that I think are important to our defense in this case. And I ask the Court if -- the reason we have not known about them was due to the lack of contact with our client. We've made multiple attempts to contact our client prior to the deadline for submission of the witness and exhibit list. Client failed to do so. And he appeared yesterday, and today he appeared with the two additional witnesses. And I ask the Court to -- the witnesses would testify to the

|  | stains that we believe the State would present as evidence on my client's hands, how his hands got stained, as well as to being present at the time the individual who is renting out the freezer in the garage paid rent to the Defendant in this case. |
|---|---|
| PROSECUTOR: | Your Honor, my response is I'm going to object to any witnesses that weren't being listed on the witness and exhibit list ten days prior. |
| THE COURT: | Counsel, it's your client's own fault that he didn't bother to notify you who the witnesses were. If he so chooses not to visit with his attorney and at least assist in his defense, why should I at this point in time allow the amendment? |
| DEFENSE COUNSEL: | Because they are very vital to our defense. As a result we don't know if it's possible to -- to strengthen our case as to his defense. And if the Court were to decline, I would ask for a continuance in the matter. |
| THE COURT: | We are here today for jury trial. Request is denied. |

See Dkt. # 9-1, Tr. Trans. at 7-8. That record reflects that in asking the trial court to allow Mr. Daily and Mr. Darp to be called as defense witnesses, Petitioner's counsel advised that they would testify regarding the stains on Petitioner's hands and that they observed a third person paying rent to Petitioner for use of the freezer. Id. However, upon review of the entire record in Petitioner's case, the Court finds that the prohibited testimony of the two witnesses would not have created reasonable doubt as to Petitioner's guilt had they been allowed to testify. The State presented substantial evidence supporting Petitioner's conviction. Investigating police officers testified that a methamphetamine lab was found inside the bus on Petitioner's property. See id. at 145-47. Jamie DeFransisco, renter of the trailer on Petitioner's property, testified that she saw Petitioner go into both sides of the freezer on multiple occasions. Id. at 165-68. A narcotics investigator, Paul Hawk, testified that the freezer was a large, commercial type freezer, with two sides divided by a wall. Id. at 133. A methamphetamine lab was found inside the east side of the freezer. Id. Further, ingredients used in the manufacturing of methamphetamine were found in the freezer, including iodine (id. at

136), and red phosphorous trapped in coffee filters (id. at 137), together with receipts and business cards displaying Petitioner's name (id. at 139). Further evidence of methamphetamine manufacturing was found in the bus on Petitioner's property, including pseudoephedrine residue and a glass jar containing methamphetamine (id. at 141-42). Jason McGinnis, a criminalist with the Oklahoma State Bureau of Investigation, tested and analyzed various substances found on Petitioner's property for the presence of methamphetamine. See Dkt. # 9-2, Tr. Trans. at 185-91. He confirmed that some of the substances tested positive for methamphetamine (id. at 191, 193).

Based on the strong evidence of methamphetamine manufacturing on Petitioner's property, the Court concludes that the testimonial evidence of the two excluded witnesses was not material to Petitioner's defense as it would not have affected the trial's outcome. Young, 383 F.3d at 1238. Accordingly, Petitioner's trial was not rendered fundamentally unfair by the exclusion of witness testimony from Mr. Daily and Mr. Darp. Petitioner's due process rights were not violated. The OCCA's denial of relief on this claim was not an unreasonable application of Supreme Court precedent. Petitioner is not entitled to habeas corpus relief under § 2254(d).

**C. Certificate of appealability**

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a

court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of deference to the decision by the OCCA was debatable amongst jurists of reason. See Dockins v. Hines, 374 F.3d 935, 938 (10th Cir. 2004). The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issue in this case differently. A certificate of appealability shall be denied.

## *CONCLUSION*

After careful review of the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus, as amended, shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the petition for writ of habeas corpus (Dkt. # 1) is **denied**. A separate judgment in favor of Respondent shall be entered in this matter. A certificate of appealability is **denied**.

DATED this   30th   day of March, 2012.

James H. Payne
United States District Judge
Northern District of Oklahoma